UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN S. WOLLNER,

Plaintiff,

-against-

PEARPOP INC., et al.,

Defendants.

26-CV-3207 (AT) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

By Order of Reference dated April 30, 2026, Judge Analisa Torres referred this case to me for general pretrial purposes including scheduling, discovery, non-dispositive pretrial motions, and settlement. (*See* ECF 8, Order of Reference.) On June 25, 2026, Plaintiff, who alleges, among other claims, fraudulent inducement, breach of contract, and theft of trade secrets, filed a motion for alternative service by email of Defendants Cole Mason, Spencer Markel, Cole Mason Enterprises LLC ("CME"), and PearPop Owner LLC ("PearPop Owner") (together, Mason and Markel are the "Individual Defendants"). (*See* ECF 19, Letter Mot. for Alternative Service ("Alt. Service Mot.") at 1; ECF 1, Compl. at 4-5.)[1] For the reasons set forth below, Plaintiff's motion is DENIED without prejudice to refiling, which means that Plaintiff may refile the motion after taking the steps set out in this order.

1 The Complaint restarts its numbering in each of its sections. Accordingly, unless otherwise indicated, citations will refer to the corresponding page number of the Complaint.

**Background**

On April 16, 2026, Plaintiff filed the Complaint against PearPop Inc., Mason, Markel, CME, PearPop Talent LLC, and PearPop Owner, as well as 50 unidentified John Does. He sought compensatory and punitive damages along with injunctive and declaratory relief for fraudulent inducement, theft of trade secrets, breach of contract, and tortious interference, among other claims. (*See* ECF 1, Compl. at 4-6.) On May 1, 2026, I ordered Plaintiff to serve the Defendants within 90 days of the date of the issuance of the summonses. (*See* ECF 9, Order of Service.) On May 6, 2026, electronic summonses were issued for all Defendants. (*See* ECF 11, Electronic Summons Issued.) On June 25, 2026, Plaintiff filed affidavits of service on PearPop Inc. and Pearpop Talent LLC. (*See* ECF 20, Affidavit of Service on PearPop Inc.; ECF 21, Affidavit of Service on PearPop Talent LLC.) On the same day, he filed a letter motion for alternative service on Mason, Markel, CME, and PearPop Owner. (*See* ECF 19, Alt. Service Mot.)

Plaintiff states that he attempted to find service addresses for the Individual Defendants by conducting skip-tracing searches, which resulted in multiple addresses for each individual. (*See id.* at 1.) Plaintiff requested service addresses from in-house counsel associated with the entity Defendants, who did not provide him with addresses. (*See id.* at 2.) Plaintiff also consulted public records and publicly available street level imagery to attempt to identify suitable service addresses. (*See id.*) Although he cannot pin down definitive addresses for the Individual Defendants, he believes that Mason is in California while Markel is in Texas. (*See id.* at 1.)

Plaintiff also sought out registered agents for CME and PearPop Owner. (*See id.* at 2.) He indicates that Mason is the registered agent for CME and that he "knows for a fact" that the

registered agent address provided by Mason "no longer exists." (*Id.*) He represents that PearPop Owner "has no registered agent on file." (*Id.*) CME is a New York limited liability company while PearPop Owner is a Delaware limited liability company. (*See* ECF 1, Compl. at 11-12.)

Plaintiff provides six email addresses where the unserved Defendants can be reached. (*See* ECF 19, Alt. Service Mot. at 2-3.) He states that the addresses are "active," although he does not explain the basis for his knowledge. (*Id.* at 2.) He provides two email addresses for each Individual Defendant and proposes serving CME by emailing Mason, and serving PearPop Owner by emailing both Mason and counsel for the entity Defendants. (*Id*. at 2-3.)

## **Analysis**

I. Legal Standard

The Federal Rules do not explicitly provide for service by email. Even so, individuals may be served according to the law of the state "where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Likewise, limited liability companies may be served according to state law governing service of limited liability companies. *See* Fed. R. Civ. P. 4(h)(1)(A) (applying rule 4(e)(1) to corporations, partnerships, and unincorporated associations); *Evangelista v. Late Stage Asset Mgmt., LLC*, No. 24-CV-5292 (KAM) (MMH), 2025 WL 2717814, at *2 (E.D.N.Y. Sept. 24, 2025) ("Limited liability companies are treated as unincorporated associations under the Federal Rules and therefore are subject to service pursuant to Rule 4(h)."). This Court is located in New York State, and so I analyze Plaintiff's application for alternative service under New York law.[2]

[2] Unless otherwise indicated, this opinion and order omits internal quotation marks, citations, and alterations from quoted text.

New York law prefers personal service on individuals, or mail alongside service on a person of suitable age and discretion at an individual's home or business. *See* N.Y. C.P.L.R. 308(1)-(2).[3] However, service on individuals may proceed in any manner the court directs, including email, if statutorily authorized forms of service prove impracticable. *See* N.Y. C.P.L.R. 308(5). Limited liability companies may be served by personally serving a registered agent or serving the New York Secretary of State. *See* N.Y. C.P.L.R. 311-a(a); N.Y. Ltd. Liab. Co. §§ 303-04. Domestic limited liability companies and limited liability companies authorized to do business in New York may be served by delivering the summons and complaint, along with any supporting documents, to the Secretary of State in the manner explained in N.Y. Ltd. Liab. Co. § 303(a). When a plaintiff serves a foreign limited liability company not authorized to do business in New York through the Secretary of State, a copy of the process must also be personally delivered or mailed to the limited liability company in the manner described in N.Y. Ltd. Liab. Co. § 304(c). Only if personal service and service through the Secretary of State are impracticable may the court direct an alternative method of service. *See* N.Y. C.P.L.R. 311-a(b).

[3] It is possible that Plaintiff will try to serve the four unserved Defendants in Delaware, California, or Texas. In that circumstance, the effectiveness of his service would be determined by either New York law or the law of the place of service (Delaware, California, or Texas). However, New York law is more permissive concerning alternative service than Texas or California law; the latter two states each require multiple documented actual attempts to serve before alternative service can be granted. *See Life v. Zuniga*, No. 08-23-00254-CV, 2024 WL 3189301 at *2 (Tex. App. June 26, 2024) (explaining that multiple actual attempts to personally serve are required under Texas law); *Bobulinski v. Dickson*, 2026 Cal. Super. LEXIS 14316 at *2-3 (2026) (explaining that multiple actual attempts to serve by statutory methods are required under California Law). Moreover, Delaware law could not authorize alternative service through emails sent between people located outside of Delaware. Therefore, New York law is most likely to authorize alternative service, and so I do not address service requirements under Delaware, Texas, or California law.

The impracticability standard requires plaintiffs to "make some showing that the other prescribed methods of service could not be made." *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021). The showing must be factually detailed and non-conclusory, carefully explaining the efforts the plaintiff took to effect service. *See Markoff v. S. Nassau Cmty. Hosp.*, 91 A.D.2d 1064, 1065 (2d Dep't 1983), *aff'd,* 61 N.Y.2d 283 (1984). The plaintiff need not always provide "proof of actual prior attempts to serve a party under the methods outlined pursuant to" the New York Civil Practice Law and Rules. *Franklin v. Winard*, 189 A.D.2d 717, 717 (1st Dep't 1993). However, "unsuccessful attempts to serve a defendant are strong evidence of impracticability." *In re Qiwi PLC Sec. Litig.*, No. 20-CV-6054 (RPK) (CLP), 2022 WL 20527316, at *4 (E.D.N.Y. Sept. 30, 2022). New York courts have declined to find impracticability where plaintiffs failed to try likely possible addresses that they knew or should have known about. *See David v. Total Identity Corp.*, 50 A.D.3d 1484, 1485 (4th Dep't 2008) (declining to find impracticability when the plaintiff unsuccessfully tried service at possible addresses, but the record indicated other likely possible addresses he did not try); *Hitchcock v. Pyramid Centers of Empire State Co.*, 151 A.D.2d 837, 838 (3d Dep't 1989) (declining to find impracticability when the plaintiff failed to attempt service at addresses on file in the county clerk's office).

Although plaintiffs may be required to attempt personal service at addresses they know or can easily discover, they are not required to attempt service at addresses they can show to be invalid. *See, e.g., Astrologo v. Serra*, 240 A.D.2d 606, 606-07 (2d Dep't 1997) (finding impracticability without attempted service when the plaintiff submitted evidence showing that the defendant had sold or was in the process of selling his business and residential properties,

and plaintiff's attorney and investigator represented that defendant had vacated the properties); *Baidoo v. Blood-Dzraku*, 48 Misc. 3d 309, 312 (N.Y. Sup. Ct. New York Cnty. 2015) (same when the plaintiff, who was married to but separated from the defendant, personally knew that the defendant had vacated an apartment).

The expense of serving far away defendants may create impracticability. *See Dolgow v. Anderson*, 43 F.R.D. 21, 22-23 (E.D.N.Y. 1967) (finding that personal service on out-of-state defendants was impracticable because of the expense); *Porres v. Porres*, 104 Misc. 2d 376, 377-79 (N.Y. Sup. Ct. Nassau Cnty. 1980) (allowing alternative service because personal service of out-of-country defendant was impracticable for the indigent plaintiff due to the expense). However, a specific showing of the economic burden is necessary. It is not enough that the defendant to be served lives far away. *See Tetro v. Tizov*, 184 A.D.2d 633, 635 (2d Dep't 1992).

If a plaintiff successfully shows that statutory methods of service are impracticable, the court may order alternative service by any method that meets the constitutional standard of "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *see also People by James v. Unknown Parties in Ownership &/or Control of Digital Wallet Addresses XXXXXXXXXX0B7d, XXXXXXXXXX1ss8, & XXXXXXXXXXZtmu*, 87 Misc. 3d 950, 952 (N.Y. Sup. Ct. Queens Cnty. 2025) ("When the methods of service under CPLR 308 (1), (2) and (4) are impracticable . . . [c]ourts have broad discretion to direct a method of service that is reasonably calculated to give notice").

To obtain authorization for email service, a plaintiff must show that the email addresses to which they intend to send the process are current and likely to be checked. *See e.g., Jun Gao*

*v. Coconut Beach/Hawaii, LLC*, 2023 WL 4753852, at *1-*2 (N.Y. Sup. Ct. New York Cnty. July 25, 2023) (granting service by email when the plaintiff stated that he and his attorneys regularly communicated with the defendant via email and provided supporting documentation of email exchanges); *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04-CV-9641 (RCC), 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) (denying email service where the plaintiff had "provided no information that would lead the Court to conclude that [d]efendant . . . monitors the e-mail address, or would be likely to receive information transmitted to the e-mail address.").

II. Application of the Legal Standard to the Facts of this Case

Plaintiff has not demonstrated that traditional service on the Individual Defendants is impracticable because he has not explained in a detailed and non-conclusory way why he cannot attempt service at the addresses revealed by the skip-trace. *See Markoff*, 91 A.D.2d at 1065. Plaintiff has not indicated how many addresses turned up on the skip-trace, or given a detailed account of the steps he took to verify each address. (*See generally* ECF 19, Alt. Service Mot.) Moreover, Plaintiff has not estimated how much attempting service at these addresses is likely to cost or explained in detail why the cost would be burdensome given his financial situation. (*See generally id.*) If any of the addresses have a good chance of validity, and Plaintiff cannot show a financial burden that creates impracticability, he may be required to attempt personal service at those addresses before alternative service can be granted. *See David*, 50 A.D.3d at 1485; *Hitchcock*, 151 A.D.2d at 839. However, if Plaintiff can put forward a detailed analysis explaining why the skip-traced addresses are unlikely to be valid, or why he cannot afford to attempt personal service, alternative service may be appropriate. *See Astrologo,* 240 A.D.2d at 606; *Porres,* 104 Misc. 2d at 377-79.

Plaintiff has not demonstrated that service on the limited liability company defendants is impracticable, because he has not explained in a detailed and non-conclusory manner how he knows the registered agent addresses are not valid, or why he cannot serve through the New York Secretary of State. (*See generally* ECF 19, Alt. Service Mot.) Plaintiff asserts that he "knows for a fact" that CME's registered agent address is no longer valid, but he does not explain how he knows. (*Id.* at 2.) Likewise, Plaintiff asserts that PearPop Owner "has no registered agent on file," but he does not explain in detail where he looked. (*Id*.) All Delaware limited liability companies are required to have registered agents and offices, *see* 6 DE Code § 18-104, so it seems unusual for PearPop Owner to lack a registered agent.

Moreover, even if service on the limited liability company defendants proves impracticable through registered agents, email service would only be appropriate if service through the Secretary of State was also impracticable. Under New York law, service on a New York limited liability company is complete when process is delivered to the Secretary of State. *See* N.Y. Ltd. Liab. Co. § 303. It seems unlikely that Plaintiff will find serving CME through the Secretary of State to be impracticable, although if there is a reason he should inform the Court in a renewed filing.

Likewise, before Plaintiff can be granted email service on PearPop Owner, he must explain in detail why he cannot serve that entity through the Secretary of State in the manner described in N.Y. Ltd. Liab. Co. §§ 303-04. If PearPop Owner is registered to do business in New York, Plaintiff would simply have to deliver the process to the New York Secretary of State. *See* N.Y. Ltd. Liab. Co. § 303. If it is not, he would have to mail or personally serve the process as well. *See* N.Y. Ltd. Liab. Co. § 304.

Even if Plaintiff could show that service through statutorily authorized channels is impracticable, this Court could only grant email service if he made a showing that the email addresses he would like to use for service are current and likely to apprise Defendants of the suit. *See Ehrenfeld*, 2005 WL 696769, at *3. Documentation of recent correspondence with Defendants through these email addresses would be sufficient for that purpose. *See, e.g., Jun Gao*, 2023 WL 4753852 at *1-2.

**Conclusion**

If Plaintiff wishes for permission to serve by email, he first must show that he has attempted the statutorily authorized forms of service to the extent that doing so is practicable, and he must provide a detailed account of how statutorily authorized service was impracticable. Accordingly, his motion for alternative service (ECF 19) is DENIED, but he may renew the motion if he can, in the future, demonstrate the impracticability of service through the statutory channels. The service period as to the four unserved Defendants is extended to sixty days after this ruling.

DATED: July 16, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**