UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN S. WOLLNER,

Plaintiff,

-against-

PEARPOP INC., et al.,

Defendants.

26-CV-3207 (AT) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiff's application for the Court to seek pro bono counsel in connection with this case because Plaintiff "has been unemployed for approximately six years," because Defendants have "blocked both of the mechanisms that would fund counsel," because Defendants are represented by "a national firm," and because he has been unable to retain counsel despite "contact[ing] approximately fifty or more law firms and attorneys regarding this matter." (ECF 28, Pro Bono Counsel Application at 3-4.) For the reasons set forth below, that application is DENIED without prejudice to refiling at an appropriate time.

Federal judges have "broad discretion" when deciding whether to try to obtain pro bono counsel for litigants who cannot afford to hire their own lawyer. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986); *see also Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters." *Burgos*, 14 F.3d at 789; 28 U.S.C. § 1915(e) (formerly 28 U.S.C. § 1915(d)). In fact, courts should seek pro bono counsel judiciously to preserve the "precious commodity" of volunteer lawyers for those litigants who truly would benefit from a lawyer's assistance. *Cooper v. A. Sargenti Co., Inc.*, 877

F.2d 170, 172 (2d Cir. 1989). "Because this Court does not have a panel of attorneys who can be compelled to take on civil cases pro bono, and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event." *Garcia-Garcia v. City of N.Y.*, No. 12-CV-1302 (CM), 2013 WL 150206, at *1 (S.D.N.Y. Jan. 11, 2013).

The Second Circuit in *Hodge* ruled that, before seeking pro bono counsel for a pro se litigant in a civil case, a court must first determine "whether the indigent's position seems likely to be of substance"; this "merit" factor requires the most attention. *Hodge*, 802 F.2d at 61; *Cooper*, 877 F.2d at 174. In making this determination, the Court construes the pro se pleadings liberally, interpreting them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of N.Y.*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010). "If the claim meets this threshold requirement," the Court should consider the litigant's ability to obtain counsel and his ability "to handle the case without assistance in [ ] light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *see also Hodge*, 802 F.2d at 61-62.

This case was filed fewer than six months ago (*see* ECF 1, Compl.); and not all Defendants have been served. (*See* ECF 19, Pl.'s Letter-Mot. for Alt. Service; ECF 26, Pl.'s Letter); and two recently served Defendants have just filed Motions to Dismiss. (*See* ECF 29, Pearpop Inc. Mot. To Dismiss; ECF 31, Pearpop Talent LLC Mot. To Dismiss.) "At this early stage in the proceedings this early stage in the proceedings, there is no indication that Plaintiff's position shows a strong chance of success or that the legal issues in this case are particularly complex." *Bridges v. New York Corr. Servs.*, No. 17-CV-2220 (NSR), 2018 WL 11374186, at *1 (S.D.N.Y. Mar.

8, 2018); *see also McFadden v. Keyser*, No. 23-CV-0802 (NSR) (JCM), 2026 WL 1134590, at *3 (S.D.N.Y. Apr. 27, 2026) (denying an application for pro bono counsel because discovery was not yet complete, it was too early to determine the likelihood of success of the plaintiff's claims, the parties had not moved for summary judgment, and the plaintiff had filed many letters and applications on the docket demonstrating his ability to litigate the case without the assistance of counsel), *reconsideration denied,* 2026 WL 1415431 (S.D.N.Y. May 20, 2026).

To the extent that Plaintiff is suggesting he lacks the legal expertise to litigate this case, a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel." *Tramun v. Ocasio*, No. 11-CV-6061 (PKC) (KNF), 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012). While Plaintiff states that his claims are complex (*see* ECF 28, Pro Bono Counsel Application at 3), they "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of N.Y.*, No. 12-CV-0028 (CM), 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2023). Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers," *Hayes v. Dep't of Educ. of City of N.Y.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, (1972)), Plaintiff has not demonstrated that finding pro bono counsel for him would make it more likely that the Court will make "a just determination in this case." *Shelby v. Petreucci*, No. 23-CV-4315 (KMK), 2023 WL 6623180, at *3 (S.D.N.Y. Oct. 11, 2023).

Plaintiff has demonstrated his ability to make multiple filings, including letter-motions and requests for sealing. I cannot conclude that Plaintiff has justified being provided with pro bono counsel at this time or that Plaintiff cannot handle the case without assistance at this

time. Plaintiff may renew his request at a later stage in the case if this case proceeds and if circumstances change.

DATED: July 16, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**