**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**RYAN S. WOLLNER,**
Plaintiff,

-against-

**26-CV-3207**
**(AT) (RFT)**

**PEARPOP INC., et al.,**
Defendants.

**PLAINTIFF'S LETTER-MOTION TO STAY ALL SUBSTANTIVE PROCEEDINGS AND DEADLINES PENDING SERVICE OF ALL PRESENTLY IDENTIFIED DEFENDANTS**

July 22, 2026
The Honorable Robyn F. Tarnofsky
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
**Re:** Wollner v. Pearpop Inc., et al., No. 26-CV-3207 (AT) (RFT)
Dear Judge Tarnofsky:

Plaintiff Ryan S. Wollner, proceeding pro se, respectfully requests a temporary stay of all substantive proceedings and litigation deadlines until all presently identified, non-Doe Defendants for whom summonses have issued are served, or until further order. Service-related activity should be excepted so Plaintiff may continue service efforts, seek service-related relief, and file proofs of service.

## I. RELIEF REQUESTED

Plaintiff asks the Court to stay: (1) his deadline under Federal Rule of Civil Procedure 15(a)(1)(B), which Plaintiff understands expires on August 3, 2026; (2) his deadlines to oppose ECF Nos. 29 and 31; (3) all deadlines to answer, move, oppose, or reply; (4) discovery and conference deadlines; and (5) all other substantive deadlines arising from the existing pleadings or pending motions.

During the stay, Plaintiff would continue diligently pursuing service. Newly served Defendants could enter appearances, but their response deadlines would be held in abeyance until the Court sets one coordinated schedule after service is completed. Plaintiff also requests that his Rule 15(a)(1)(B) deadline be extended until twenty-one days after the stay is lifted and a

coordinated schedule is entered, or until another date selected by the Court. This request preserves procedural options and does not represent that Plaintiff has decided whether to amend.

## II. INCOMPLETE SERVICE AND PIECEMEAL MOTION PRACTICE

The Complaint names six presently identified non-Doe Defendants, as well as John Does 1 through 50. Summonses for the six identified Defendants issued on May 6, 2026. ECF No. 9 directed Plaintiff to complete service within ninety days of issuance, a period that has not yet expired.

The Court's July 16, 2026 Order recognizes that not all Defendants have been served and that only two recently served Defendants—Pearpop Inc. and Pearpop Talent, LLC—had filed motions to dismiss at ECF Nos. 29 and 31. ECF No. 35 at 2-3. The case is therefore divided between two appearing Defendants seeking dismissal and multiple identified Defendants who have not appeared or stated their positions.

Requiring substantive briefing now would fragment the action and could require Plaintiff to respond to successive motions directed to the same Complaint on different schedules. A stay would avoid duplicative briefing, inconsistent procedural rulings, unnecessary expense, and confusion over which arguments apply to which parties.

## III. A TEMPORARY STAY WOULD PROMOTE EFFICIENCY AND FAIRNESS

A federal court has inherent authority to control its docket and stay proceedings in the interest of economy of time and effort for the Court and the parties. Landis v. North American Co., 299 U.S. 248, 254-55 (1936). This request is tied to an objective event: service upon all presently identified non-Doe Defendants, or a determination that further service efforts should cease.

A coordinated schedule after service would allow related arguments to be considered together and would permit Plaintiff to respond without repeatedly briefing overlapping issues. The action would continue moving toward joinder because Plaintiff would remain obligated to

pursue service, report completed service, and comply with service-related orders. Only substantive litigation would pause.

## IV. THE RULE 15 DEADLINE SHOULD BE EXPRESSLY PRESERVED

Rule 15(a)(1)(B) provides a limited period to amend once as a matter of course after service of a responsive pleading or Rule 12 motion. Plaintiff understands that his current deadline expires on August 3, 2026. Any stay should expressly extend that deadline; otherwise, Plaintiff could lose a significant procedural right while the Court considers this request.

Plaintiff does not ask the Court to prejudge any future pleading issue. He asks only that he not be forced to make an irreversible procedural decision while service remains incomplete and motion practice is fragmented. Rule 6(b)(1) permits an extension for good cause, and the circumstances provide good cause here.

## V. THE BALANCE OF INTERESTS FAVORS A STAY

The appearing Defendants will suffer no substantial prejudice. Their motions are filed and preserved. A stay would not alter any defense or prevent a Defendant from appearing after service; it would only postpone substantive briefing until the Court enters a coordinated schedule.

Without a stay, Plaintiff must address potentially dispositive motions while simultaneously completing service. The Court has already recognized the incomplete service and early stage of the case. ECF No. 35 at 2-4. A temporary stay would preserve the parties' rights, conserve judicial resources, and promote the just, speedy, and inexpensive determination of the action under Rule 1.

## VI. PRIOR REQUESTS, ORIGINAL DEADLINE, AND CONSENT

This is Plaintiff's first request for a stay of all substantive proceedings pending completion of service. The original Rule 15(a)(1)(B) date The original Rule 15(a)(1)(B) date Plaintiff seeks to preserve is August 3, 2026. Plaintiff understands that his current deadline to oppose ECF Nos. 29 and 31 is July 27, 2026. Plaintiff also seeks to stay the approaching

opposition deadlines concerning ECF Nos. 29 and 31 and all other substantive deadlines until a coordinated schedule is entered.

Because Plaintiff's opposition deadline is July 27, 2026, and his Rule 15(a)(1)(B) deadline is August 3, 2026, Plaintiff respectfully requests prompt consideration before those deadlines expire.

## VII. CONCLUSION

Plaintiff respectfully requests that the Court: (1) stay all substantive proceedings and deadlines until all presently identified non-Doe Defendants for whom summonses have issued are served, or until further order; (2) except service-related activity from the stay; (3) expressly extend Plaintiff's Rule 15(a)(1)(B) deadline as set forth above; and (4) establish one coordinated schedule for responsive pleadings and motion practice when the stay is lifted.

Respectfully submitted,
/s/ **Ryan S. Wollner**
RYAN S. WOLLNER
Plaintiff, Pro Se
201 N. U.S. Highway 1, Suite D10 #1214
Jupiter, Florida 33477
[Telephone Number]
[Email Address]

Application **GRANTED IN PART**, in that Plaintiff's deadline to respond to the motions to dismiss (ECF 29, 31), including by amending his complaint if he chooses, is extended until **November 13, 2026**, by which time I expect that Plaintiff will have served the remaining unserved Defendants and that I will have entered a schedule for briefing all motions to dismiss. I also do not anticipate holding an initial case management conference to begin discovery until after all Defendants have been served.

The Clerk of Court is respectfully requested to terminate ECF 37.

Dated: July 27, 2026
New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I certify that I submitted the foregoing document to the Southern District of New York Pro Se Intake Unit for filing. Upon docketing by the Clerk of Court, the associated Notice of Electronic Filing will constitute service upon all counsel and parties registered to receive electronic notice in this action.

Under Judge Tarnofsky's Individual Practices, docketing constitutes service upon counsel and parties registered to receive CM/ECF notifications. Upon docketing, the foregoing will therefore be served electronically upon all counsel of record for the appearing Defendants. No separate Rule 5 service is presently required upon Defendants who have not appeared, except as otherwise directed by the Court.

**/s/ Ryan S. Wollner**
RYAN S. WOLLNER
Plaintiff, Pro Se